UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| JAMES EDWARD DUSSO, | CIVIL ACTION NO. 5:15-287-KKC |
| **Plaintiff,** | |
| **V.** | **MEMORANDUM OPINION AND ORDER** |
| BOARD OF EDUCATION OF MONTGOMERY COUNTY, and JOSHUA POWELL, in his Individual and Official Capacity as Superintendent of the Board of Education of Montgomery County, | |
| **Defendants.** | |

*** *** ***

This matter is before the Court on Plaintiff James Dusso's motion to remand. (DE 4). Defendant Board of Education of Montgomery County (the "Board of Education") filed a Notice of Removal on September 22, 2015. (DE 1). Plaintiff now moves this Court to return this action to the Montgomery Circuit Court (the "State Court"), pursuant to 28 U.S.C. § 1447(c), alleging that removal was improper because this Court lacked subject matter jurisdiction. For the reasons stated below, the Court will grant Plaintiff's motion to remand.

## I. BACKGROUND

Plaintiff filed suit in State Court on August 19, 2015. (DE 1 at 2). The Board of Education removed the matter to this Court on grounds that Plaintiff, in his Complaint, raised a federal question under Title VII, 42 U.S.C. § 2000e-3(a) *et seq.* (DE 1 at 2.) Although Plaintiff's Complaint contains five counts, the Board of Education only relies on

the first count for its conclusion that a "federal cause of action was apparent on a plain

reading of the Complaint." (DE 4 at 1–2.)

In relevant part, Plaintiff's first count is as follows:

### III. COUNT ONE

KRS 344.280 (and Title VII)
The Kentucky retaliation statute is part of the Kentucky Civil
Rights Act, KRS 344.
. . . .
        18.  KRS 344.280 provides that a Conspiracy to violate
this chapter is unlawful.
. . . .
The Prima Facie Case
        1.   Plaintiff engaged in a protected activity (under Title
VII or KCRA). Plaintiff Dusso engaged in a Protected Activity
when he opposed discrimination[.]
. . . .
        3.   Defendant took materially adverse employment
action against Plaintiff. (Though the language of the Kentucky
statute says "any manner" of discrimination or retaliation is
unlawful, Plaintiff must prove that he or she suffered a
materially adverse change in the terms or conditions of
employment consistent with federal Title VII cases. [citing
Kentucky and Sixth Circuit precedent])
. . . .
        23.  The defendant's conduct violated KRS 344.280

(DE 1-3 at 4–8.) Other portions of the Complaint are relevant to this Court's forthcoming

analysis. First, under the heading of "**PARTIES**" Plaintiff represents:

        14.  That at the time of the injuries complained of
herein, Defendants acted in bad faith, against Kentucky Law,
and with intentional and/or negligent disregard for the rights
of Mr. Dusso, plaintiff, an employee under their supervision.

(DE 1-3 at 4.) Second, Plaintiff's fifth and final count is captioned "**BASED ON**

**DEFENDANT POWELL'S VIOLATION OF VARIOUS KRS STATUTES**," and it

alleges:

        35.  at relevant times during Powell's employment at
Montgomery County School Board, he committed various
multiple violations of Kentucky law.

2

(DE 1-3 at 10.) For reasons fully set forth below, the Court finds that the Plaintiff, in his Complaint, references, but does not rely upon, Title VII. (DE 4 at 1.) Because this Court is persuaded that remand is proper for lack of jurisdiction, Plaintiff's alternative offer to voluntarily dismiss any federal claim he may have inadvertently raised need not be addressed.

## II. ANALYSIS

A civil action may be removed from a state court if the federal courts would have had original jurisdiction over the action if it were filed there in the first instance. 28 U.S.C. § 1441. The Board of Education bears the burden of establishing its entitlement to this forum. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996). The interests of comity and federalism require strict construction of the statutes conferring jurisdiction to the federal courts on removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Subject to only a few limited exceptions not claimed here, removal jurisdiction must be apparent from the face of the complaint. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006). Thus, remand is required unless the Board of Education can carry its burden by showing that the "Complaint establishes . . . that federal law creates the cause of action." *Id.*

It is important to note, however, that "the party who brings a suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913). Consequently, "the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994). Contrary to Defendant's representations, this Court is unconvinced that Plaintiff

3

"specifically pled a cause of action <u>under</u> Title VII." (DE 6 at 2.) The face of the Complaint is, at best, ambiguous on that point. Given the parties' relative burdens, such ambiguity is sufficient to justify remand. *See Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) ("The removal petition is to be strictly construed, with all doubts resolved against removal."); *Shelley's Total Body Works v. City of Auburn*, No. C07-126P, 2007 WL 765205, at *2 (W.D. Wash. Mar. 9, 2007) ("Federal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction.") (collecting cases).

The contrast between Plaintiff's obvious reliance on state law—which indisputably creates five of Plaintiff's causes of action[1]—and his alleged reliance on federal law is clear from the caption of the first count of the Complaint, wherein Plaintiff specifically identifies the Kentucky statute on which he relies, "KRS 344.280." Plaintiff goes on to explain that the statute is part of the Kentucky Civil Rights Act ("KCRA"), and proceeds to set forth the right protected thereunder. Plaintiff's caption includes only a vague reference to "Title VII." (DE 1-3 at 4.) Unlike the state law citation, this reference is set-off parenthetically with no further reference to "Title VII." (DE 1-3 at 4.) The first—and only—time the Complaint identifies the "Title VII" referenced as the federal counterpart to KRS 344.280 is in a parenthetical in which "federal Title VII cases" are mentioned to explain the gloss that Kentucky courts have imported from federal anti-retaliation precedent into state precedent. (DE 1-3 at 7.)

As fully set forth above, both the "**PARTIES**" section—preceding the Counts alleged—and the fifth count—grouping the previous allegations while specifying their

---

[1] Not surprisingly, five is also equals to the total numbered Counts contained in the Complaint.

application to Defendant Powell—mention only state law violations. (DE 1-3 at 4, 10.) The fifth count's failure to reference Title VII is particularly difficult to square with any reliance a federal cause of action. Count two relies almost exclusively on Defendant Powell's conduct as the basis for that claim. (DE 1-3 at 5–6.) If count two was intended to include not only a state claim, but also a federal claim, it is unclear why the fifth count's prayer for relief, against Defendant Powell specifically, would rely entirely on "various multiple violations of *Kentucky* law." (DE 1-3 at 10 (emphasis added).)

Even if ambiguity was not sufficient to justify remand, other indicators further suggest that Plaintiff's mere reference to Title VII was not an attempt to pursue a federal cause of action. For instance, following Plaintiff's allegation that Defendant subjected him to a materially adverse employment action, he goes on to explain parenthetically that "though the language of the Kentucky statute says "any manner" of discrimination or retaliation is unlawful, Plaintiff must prove that he or she suffered [a materially adverse employment action] consistent with federal Title VII cases." (DE 1-3 at 7.) Plaintiff then cites Kentucky Supreme Court precedent, which has repeatedly interpreted the KCRA consistent with corresponding provisions of federal law. *See e.g.*, *Brooks v. Lexington-Fayette Urban Cty. Hous. Auth.*, 132 S.W.3d 790, 802 (Ky. 2004) (quoting *Hollins v. Atlantic Co., Inc.*, 188 F.3d 652, 662 (6th Cir. 1999)). "[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 14 (1983). At most, Plaintiff merely sought to anticipate a federal defense by recognizing that state precedent had incorporated a federal law requirement for a prima facie retaliation case, such actions cannot support

5

jurisdiction. *See Scaccia v. Lemmie*, 236 F. Supp. 2d 830, 838–39 (S.D. Ohio 2002) (remand ordered despite Plaintiff's citation to federal precedent when "immediately preceded by a citation" to state law because cite "in this context merely indicates . . . elements that he believes he must establish").

Finally, the Complaint's singular pursuit of *state* causes of action is further supported by the absence of any mention of Plaintiff obtaining a right-to-sue letter from the EEOC. Under Title VII, obtaining such a letter is "a necessary prerequisite to filing suit." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). This is not a case of so-called "artful pleading." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 561 (6th Cir. 2007) ("Under the artful-pleading doctrine, a federal court will have jurisdiction if a plaintiff has carefully drafted the complaint so as to avoid naming a federal statute as the basis for the claim, and the claim is in fact based on a federal statute.") Plaintiff made no attempt to conceal a federal issue; he noted Title VII's relevance, but chose to pursue only the alternative state law cause of action. *Pan Am. Petroleum Corp. v. Superior Court of Del. In & For New Castle Cty.*, 366 U.S. 656, 663 (1961) ("If the plaintiff decides not to invoke a federal right, his claim belongs in a state court."). Plaintiff's failure to meet the prerequisites necessary for a Title VII action bolsters a conclusion that is apparent on the face of the complaint. Plaintiff only pursues a state cause of action and thus, Defendant's removal impermissibly superceded his choice to file in state court.

### III. CONCLUSION

In sum, Plaintiff has not alleged a federal cause of action. Any reference to federal law is explained by the Kentucky Supreme Court's use of Title VII precedent in interpreting the KCRA. "Where both state and federal remedies are available, such as under the civil rights laws, and where federal law does not preempt a state law, a plaintiff

may avoid federal jurisdiction by relying upon state law." *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 775 (W.D. Ky. 2002). The Complaint only seeks to pursue state causes of action. To read it "any other way would suggest that the *defendant*, not the [Plaintiff], is 'the master of [his] complaint.'" *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008) (emphasis in original) (internal citations omitted).[2] Consequently, this Court lacks jurisdiction over this action and removal was improper.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand (DE 4) is **GRANTED**.

Dated March 29, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[2] Even if Plaintiff's complaint did pursue a federal cause of action, his offer to amend his complaint and voluntarily dismiss any federal cause of action would provide this Court discretion to reach the same result. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 551 (6th Cir. 2006) ("if an amendment eliminates all the federal claims, remand becomes a discretionary decision for the district court").